OPINION
Appellant, Douglas James Burbrink, appeals a decision of the Warren County Juvenile Court adjudicating him a delinquent child.
Appellant was originally charged with delinquency for having committed aggravated menacing in violation of R.C. 2903.21. A hearing was conducted before a magistrate, who found no evidence to support a finding that the victim believed "serious physical harm" would be caused. The magistrate did determine, however, that appellant's conduct constituted menacing in violation of R.C. 2903.22.
On appeal, appellant submits the following assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT KNOWINGLY CAUSED JOHNSON TO BELIEVE THAT SHE OR HER FAMILY WERE IN DANGER OF PHYSICAL HARM.
Assignment of Error No. 2:
 THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 The victim, Rhonda Johnson, testified that late in the evening of October 22, 2000, she and her sixteen-year-old son were concluding a visit at her mother's Mason, Ohio home. As Johnson was preparing to enter her automobile parked in her mother's driveway, she looked directly across the street and saw appellant standing on the lighted porch of his home aiming a rifle at her and her mother's house. Johnson could not identify the type of weapon, but could clearly see that it was a weapon and pointed at her and her mother's house. Johnson testified she was frightened when she saw the gun aimed at her. She feared that she might be injured, and also feared for her mother's life.
Johnson, whose son was already seated in the vehicle, began to move away from her car so her son and her mother's house would not be potential targets. As Johnson was waiting for an "explosion" from the firearm, she heard a discharge and then realized it was only a BB gun as a BB passed through the leaves of a tree approximately five feet from her location.
Johnson reported the incident and a deputy sheriff responded to the scene. The deputy went to appellant's home and spoke to appellant, who initially denied having a BB gun, but later stated that he had a BB gun in the front yard with his father and was shooting tin cans. As she stood across the street, Johnson identified appellant, who was on the porch with the deputy, as the individual who pointed the gun at her. The deputy took possession of a BB rifle and BB pistol from appellant's home and testified that he later successfully test-fired the BB rifle.
Appellant's father and a neighbor testified for the defense. Both claimed the rifle was inoperative and would not fire. They stated appellant and another youngster were playing with the BB gun in the house. However, neither adult was with appellant when he was on the porch and the incident occurred.
In his first assignment of error, appellant claims the evidence was legally insufficient to support an adjudication for menacing. Menacing occurs when an individual "knowingly cause[s] another to believe that the offender will cause physical harm to the person * * * or a member of the other person's immediate family." R.C. 2903.22.
Appellant specifically argues the evidence is insufficient to show that he acted knowingly and that his conduct caused Johnson to believe he intended physical harm to her or a family member.
When reviewing the sufficiency of the evidence to support a menacing conviction, our role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Middletown v.MacIntyre (Mar. 26, 2001), Butler App. No. CA2000-07-130, unreported, citing State v. Jenks (1991), 61 Ohio St.3d 259. A threat of physical harm may be implied through actions or conduct. MacIntyre. The key is whether the defendant's conduct causes the victim to genuinely believe that she is facing physical harm to herself or a member of her immediate family. Id., citing Niles v. Holloway (Oct. 3, 1997), Trumbull App. No. 96-T-5533, unreported.
Johnson testified that appellant stood on his front porch and deliberately pointed the gun in her direction. If believed, such testimony is sufficient to show that appellant was "aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Johnson's testimony further demonstrates her belief that she or a member of her immediate family were threatened with physical harm.
When viewed in a light most favorable to the prosecution, we find sufficient evidence, if believed, to support all essential elements of menacing beyond a reasonable doubt. MacIntyre. For these reasons, appellant's first assignment of error is overruled.
Appellant's second assignment of error asserts that the delinquency adjudication was against the manifest weight of the evidence.
In determining whether such an adjudication is against the manifest weight of the evidence, we review the entire record, weighing the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed and a new trial ordered. State v. Dunn (July 24, 2000), Butler App. No. CA99-07-135, unreported. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
In making this analysis, we are mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Dunn; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
Having reviewed the record, we find that the weight of the evidence supports the trial court's determination that appellant's conduct was sufficient to constitute the offense of menacing, and that this determination supported the trial court's delinquency adjudication. Appellant's second assignment of error is overruled.
VALEN and POWELL, JJ., concur.